# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 6485 | DATE | 5/15/2000 |
| CASE TITLE | UNDERWRITERS vs. INNOVATIVE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's agreed motion for entry of final judgment is granted. Enter final judgment in favor of plaintiff and against defendant on Counts I, II, VI, and VII; that the parties waive any right to appeal from this Order or any prior order in this action; that the court retains jurisdiction to enforce this Order; and that each party shall bear its own costs and fees. Counts IV and V are dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 16 2000 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 18 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| DL | courtroom deputy's initials | 00 MAY 16 AM 11:27 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNDERWRITERS LABORATORIES INC., a not-for-profit Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>INNOVATIVE INDUSTRIES OF TAMPA, INC., a Florida corporation, d/b/a INNOVATIVE TESTING LABORATORIES,<br><br>Defendant. | No. 99 C 6485<br><br>Hon. Matthew F. Kennelly |

## FINAL JUDGMENT

Pursuant to Fed. R. Civ. P. 58, plaintiff's motion for entry of final judgment and counsel for defendant's representation that defendant does not oppose this motion, the Court enters the following findings of fact, conclusions of law and order.

### FINDINGS OF FACT

1. Underwriters Laboratories Inc. ("UL") is a Delaware not-for-profit corporation with its principal place of business in Northbrook, Illinois.

2. Defendant Innovative Industries of Tampa, Inc., d/b/a Innovative Testing Laboratories ("ITL"), is a Florida corporation with its principal place of business in Tampa, Florida.

3. UL owns a number of Certification Marks, including the "UL within a circle" and "Underwriters Laboratories Inc." marks (collectively, "UL Mark" or "UL Marks"). UL has duly registered the UL Marks on the Principal Register in the United States Patent and Trademark

Office, including Registration Nos. 1,110,289 and 782,589. These registrations have been valid at all relevant times, and, accordingly, are incontestable under 15 U.S.C. §§ 1065, 1115(b).

4. Manufacturers may seek UL Listing or certification by signing an application and submitting product samples for evaluation by UL engineers to determine compliance with UL's certification requirements. UL, not the manufacturers or their agents, evaluates products submitted for certification. If UL finds that the representative samples comply with its requirements, UL may authorize the manufacturer to apply the UL Mark. UL may then issue a "Test Report," detailing the results of its evaluation, and a "Notice of Completion of Investigation and Authorization to Apply the UL Mark" ("Authorization Letter"), allowing the manufacturer to apply the UL Mark to products complying with UL's certification requirements. Only UL may authorize the use of the UL Mark.

5. Manufacturers may use their own agents ("client agents") to submit their products to UL. UL does not permit client agents to authorize the use of the UL Mark or to decide whether a product should be UL certified.

6. ITL was a client agent for about 190 UL clients. ITL has never been an agent for UL.

7. ITL previously participated in UL's Certificated Agency Assessment Program, designed to qualify client agents to provide certain services for the benefit of manufacturers in the UL certification process. Since March 1, 1996, ITL has not been associated with that program.

8. Nora Lighting, Inc. ("Nora Lighting") is a California corporation that sells a variety of electrical products, including recessed lighting fixtures and high-intensity discharge fixtures.

9. From March 1996 to October 1999, ITL was Nora Lighting's client agent in the UL application and submittal process.

10. On or about January 27, 1998, ITL, acting as Nora's client agent, requested UL Applications for certain Nora Lighting recessed fixtures, model numbers NLIC-401, NL-401, NLR-404, NL-601175 and NLR 604175 (collectively, "Recessed Fixtures"). ITL never returned the Applications to UL or provided UL with test samples. Accordingly, UL did not open a project for these models.

11. Since UL never opened projects for the Recessed Fixtures or received testing samples, it never evaluated these products to UL's certification requirements or authorized Nora Lighting to apply the UL Mark to those products.

12. UL never issued an Authorization Letter or Test Report for the Recessed Fixtures.

13. On or about May 17, 1998, an unidentified ITL employee sent Nora Lighting a counterfeit UL Authorization Letter dated May 15, 1998 regarding the Recessed Fixtures. UL did not prepare, sign or approve that letter or authorize the use of the UL Marks on the letterhead. The signature of a UL engineer on the letter is a forgery.

14. On or about January 14, 1998 and May 21, 1998, an unidentified ITL employee sent Nora Lighting counterfeit UL Test Reports for the Recessed Fixtures. UL did not prepare or approve those documents.

15. Based on the Authorization Letter and Test Reports, Nora Lighting believed that the Recessed Fixtures had been evaluated and certified by UL and that UL had authorized it to apply the UL Mark.

16. ITL also acted as Nora Lightning's client agent for the submission to UL of its High-Intensity Discharge Fixtures ("HID Fixtures").

17. On or about July 20, 1999, an unidentified ITL employee sent Nora Lighting a counterfeit Follow Up Services Procedure ("Procedure") for the High-Intensity Discharge Fixtures dated July 16, 1999. UL did not prepare or approve that document.

18. Based on the Procedure, Nora Lighting believed that the HID Fixtures had been evaluated and certified by UL and that UL had authorized it to apply the UL Mark.

19. ITL also has been a client agent for John Manufacturing Ltd. ("John Manufacturing") in the UL application process.

20. ITL handled John Manufacturing's submission of its Rechargeable Flashlight to UL. In November 1998, John Manufacturing asked ITL to verify with UL that it could use larger capacity batteries in its Rechargeable Flashlight.

21. On or about November 12, 1998, an unidentified ITL employee sent John Manufacturing a counterfeit UL letter authorizing it to use the larger capacity batteries. UL did not prepare, sign or authorize this letter. The signature of the UL employee on the letter is a forgery.

22. ITL also has been a client agent for Check-O-Lite International, Inc. ("Check-O-Lite") in the UL application process.

23. ITL handled Check-O-Lite's submission to UL of its Incandescent Fixtures, Model 1637 ("Incandescent Fixtures").

24. On or about July 1, 1999, an unidentified ITL employee sent Check-O-Lite a counterfeit UL Test Report for the Incandescent Fixtures. UL did not prepare or approve that document.

25. ITL also has been an agent for Seohyun International ("Seohyun") in the UL application process.

26. ITL handled Seohyun's submission to UL of its "J Box." ITL never returned the Applications to UL or provided UL with test samples. Accordingly, UL did not open that project.

27. Since UL never opened a project for the Seohyun J Box or received testing samples, it never evaluated this product to UL's certification requirements or issued a Test Report for the product.

28. On or about March 16, 1999, an unidentified ITL employee sent Nora Lighting a counterfeit UL Test Report for the Seohyun J Box dated February 19, 1999. UL did not prepare or approve that document.

29. On January 14, 2000, ITL filed for bankruptcy in the United States District Court for the Middle District of Florida. *In re Innovative Industries of Tampa, Inc.*, No. 00-0543-8P7. On April 25, 2000, the United States Bankruptcy Judge in that action, Alexander L. Paskay, lifted the automatic stay to allow UL to seek a non-monetary judgment against ITL in this case.

## CONCLUSIONS OF LAW

30. This cause of action arises under 15 U.S.C. §§ 1501 *et seq.*, specifically under 15 U.S.C. §§ 1114, 1116, 1125(a) and (c), related Illinois statutes and the common law. Jurisdiction is proper under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b). This Court has jurisdiction over the remaining claims for relief under the doctrine of pendent jurisdiction because these claims arise from a nucleus of operative facts common to the federal claims for relief.

31. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (c) because ITL is subject to jurisdiction in this judicial district. This Court has personal jurisdiction over ITL because ITL does business in Illinois and has committed torts in this state.

32. ITL has deceptively used, infringed and counterfeited the UL Marks in commerce in violation of 15 U.S.C. §§ 1114, 1116 and 1125(a), particularly by issuing the counterfeit UL Authorization Letter, Reports and Procedure to Nora Lighting.

33. ITL's misuse of the UL Marks and UL safety certification documents constitutes a deceptive trade practice in violation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/2, and Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

34. ITL's acts have caused actual confusion as to a possible affiliation with, connection to, approval of or sponsorship by UL.

35. This conduct has irreparably harmed UL, which has no adequate remedy at law for these injuries.

## ORDER

Based on the foregoing findings of fact and conclusions of law, the Court orders, adjudges and decrees as follows:

(A) Judgment is entered in favor of UL and against ITL as to Count I (false designation of origin – 15 U.S.C. § 1125(a)), Count II (certification mark counterfeiting – 15 U.S.C. §§ 1114, 1116), Count III (certification mark infringement – 15 U.S.C. § 1114), Count VI (Illinois Deceptive Trade Practices Act – 815 ILCS 510/2), and Count VII (Illinois Consumer Fraud and Deceptive Business Practices Act – 815 ILCS 505/2).

(B) ITL, its principals, officers, agents, servants, attorneys, employees and all others in privity are permanently enjoined from:

(i) imitating, copying, counterfeiting or making unauthorized use of the UL Marks, UL safety certification documents or UL trade dress;

(ii) selling, offering for sale, advertising, promoting or displaying any product, document or service using any simulation, reproduction, counterfeit, copy or colorable imitation of the UL Marks, UL safety certification documents or UL trade dress;

(iii) using any simulation, reproduction, counterfeit, copy or colorable imitation of the UL Marks, UL safety certification documents or UL trade dress in connection with the promotion, advertisement, display, sale, offering for sale or distribution of any product or service;

(iv) using any simulation, reproduction, counterfeit, copy or colorable imitation of the UL Marks, UL safety certification documents or UL trade dress in connection with any communication with a third party;

(v) using any false designation of origin or false description, or performing any act which can or is likely to mislead the public to believe that ITL is acting on UL's behalf or has been designated by UL to issue UL Authorization Letters, Test Reports, letterhead or other safety certification documents;

(vi) directly or indirectly, representing any manufacturer, client agent, or other entities (including ITL) in the UL certification process;

(vii) engaging in any other activity constituting unfair competition with UL or constituting an infringement of the UL Marks or UL trade dress; or

(viii) assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities described in paragraphs (i) through (vii) above;

(C) ITL, its principals, officers, agents, servants, attorneys, employees and all others in privity are ordered to destroy all labels, Authorization Letters, Test Reports, Procedures, signs, prints, packages, wrappers, receptacles, letterhead or form letters and advertisements in its

possession, custody, or control, bearing any simulation, reproduction, counterfeit, copy or colorable imitation of any UL Mark or UL safety certification documents, and all plates, matrices and other means of making the same. Within 30 days of this Order, ITL shall file an affidavit with the Court certifying compliance with this paragraph.

(D) The parties waive any right to appeal from this Order or any prior order in this action.

(E) The Court retains jurisdiction to enforce this Order.

(F) Each party shall bear its own costs and fees.

ENTERED:

_____
Hon. Matthew F. Kennelly
United States District Court

Dated this 15th day of May 2000